# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID KUBE,

    Plaintiff,

v.                                                                       Civil No. 02-0710 WPJ/RLP

CITY OF TEXICO, a New Mexico Municipality;
KELLEY BROPHY, individually and as Chief of Police;
JERRY CUNNINGHAM, individually and as Mayor;
ORAN JAY AUTREY, individually, and as Personnel
Director, and Council Member;
MONNIE CUNNINGHAM, individually and as Council
Member;
SHARON ASKEW, individually and as Council
Member; and
DOUG SCIOLI, individually and as Council Member,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Partial Summary Judgment as to Count I (Violations of Procedural Due Process), filed February 14, 2003 (**Doc. 34**). Having considered the parties submissions and the applicable law, I find that Plaintiff's motion is not well-taken and will be denied.

### Background[1]

Plaintiff was hired as a police office by the City of Texico ("City") in April 1999 and his employment with the City was terminated in April 2002. He alleges federal and substantive and due process claims, as well as a state claim of breach of contract against his former employer,

---

[1] These facts are recited from the undisputed facts in the briefs as well as the stipulated facts from the Initial Pre-trial Report filed October 29, 2002.

based on his termination.  The Plaintiff's termination arose from conversations with Defendant Brophy, Chief of Police,  in which Plaintiff was informed that he would not get paid for maintaining his EMS (emergency medical certification).  Plaintiff responded to this news by becoming upset and using profanity. On April 22, 2002, Defendant Brophy informed Plaintiff that he was terminated for conduct unbecoming an employee pursuant to the City of Texico Personnel Policy and Procedures ("personnel policy"). Plaintiff received a letter of termination dated April 23, 2002 stating a date of termination of April 22, 2002.

On April 25, 2002, Plaintiff submitted a written notice of appeal to the Clerk of the City of Texico notifying Defendants of his appeal of his termination.[2] With regard to Count I of the complaint, Plaintiff alleges that Defendants terminated his employment without providing him notice of charges and evidence to be brought against him, and that they failed to provide Plaintiff with a pre-termination hearing prior to his termination or with a formal post-termination hearing.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Jones et al v. Kodak Med'l Assistance Plan, 169 F.3d 1287, 1291 (10th Cir. Utah) (citing Fed.R.Civ.P. 56(c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When applying a summary judgment standard, I must construe the factual record in the light most favorable to the party opposing summary judgment. Butler v. City of Prairie City, Kan.,172 F.3d 736, 744 (10th Cir. 1999).

---

[2]  Although Defendants stipulate to this fact in the Initial Pre-trial Report, they dispute Plaintiff's characterization of this appeal as carried out pursuant to §§ 708 and 801-803 of the personnel policy.

**Discussion**

*Whether Plaintiff Had a Property Interest*

In order to invoke the protection of the Due Process Clause of the Fourteenth Amendment, Plaintiff must allege a deprivation of a sufficient property or liberty interest. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).  Protected property interests arise, not from the Constitution, but from state statutes, regulations, city ordinances, and express or implied contracts. Dill v. City of Edmond, 155 F.3d 1193, 1206(10th Cir.1998) (finding plaintiff had protected property interest in express contract). If a sufficient property interest is found, the government cannot deprive an individual of that interest without due process. Seamons et al v. Snow, 84 F.3d 1226, 1234-35 (10th Cir. 1996) (citation omitted).

Defendants apparently concede that the personnel policy created a property right which afforded Plaintiff a right to procedural due process.  Defendants' position is that Plaintiff was provided adequate pre-termination notice and opportunity to respond and that Plaintiff failed to follow the grievance procedures and request a post-termination hearing.

*Pre-termination Hearing*

Due process ordinarily requires an opportunity for some kind of hearing prior to the deprivation of a significant property interest. Seamons, 84 F.3d at 1234-35 (citation omitted). Plaintiff claims that he never received notice of Defendants' intent to terminate him and an opportunity to respond that would qualify as a pre-termination hearing.  He also states that the post-termination hearing that was scheduled during a City Council meeting was abruptly ended by the city attorney when Plaintiff told her that he was represented by an attorney.

Benavidez v. Albuquerque, 101 F.3d 620, 627 (10th Cir. 1996). The pre-termination

hearing "is not meant to resolve definitively the propriety of the discharge, but only to determine whether there are reasonable grounds to believe the charges are true and the action is correct." Id.; Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 533 (1995) (pretermination hearing described as an "initial check").

Defendants present evidence in the form of affidavits and depositions that Plaintiff received the essential requirements of due process, i.e., notice that his job was on the line, and an opportunity to respond prior to his termination. Defendant Autrey, Personnel Director and a city council member, contacted Plaintiff on April 19th, shortly after Plaintiff's conversation with Chief Brophy, to suggest that Plaintiff attempt to "work it out" with Brophy. In his deposition, Autrey stated Plaintiff refused to do so because he didn't trust Brophy. At the April 22nd meeting with Defendant Brophy,[3] Brophy told Plaintiff that the meeting was a disciplinary action, asked Plaintiff if wanted "to explain anything," and informed Plaintiff that he would be given "a chance to talk if you want to talk. . ." Brophy also gave Plaintiff the basis for the decision to terminate, which was that Kibe had exhibited conduct unbecoming a city employee of the City of Texico.[4] Defts' Ex. 3. Defendants then sent Plaintiff a letter dated April 23, 2002 stating April 22, 2002 as the termination date. On May 2, 2002, Plaintiff received a hand-delivered letter from Defendant Brophy which informed Plaintiff that the City Council approved the dismissal and that he would

---

[3] Under Defendants' version of the facts, the meeting was also attended by Defendant Autrey, and Defendant Cunningham, another city council member.

[4] Exhibit 3 is a transcript of the meeting, which was tape recorded by Plaintiff. Plaintiff did not appear with his attorney for this meeting, but told Brophy that he "was advised to record the conversation." Ex. 3 at 1: 17-28.

be on leave with pay until May 8, 2002 when his termination would become effective. Ex. 9.[5]

A plaintiff is not entitled to extensive or formal pre-termination hearing if there are adequate post-termination procedures. Benavidez, 101 F.3d at 627. The personnel policy's outlined grievance procedure provides a grievant with the full panoply of due process protections, including an opportunity to present witnesses, physical evidence and cross-examination while represented by legal counsel. Thus, I find that on the issue of a pre-termination hearing, Defendants have demonstrated the existence of sufficient material facts to preclude my granting summary judgment for Plaintiff.

*Post-termination Hearing*

Plaintiff claims that his letter of April 25, 2002 to Chief Brophy and the City of Texico Personnel Board, in which he stated that he was appealing his termination from the City satisfies the requirements under the personnel policy's grievance procedures regarding notice of intent to pursue a post-disciplinary hearing. Defts' Ex. 8.  While Plaintiff concedes that "his name" was on the agenda for the May 1st City Council meeting, he states that he was asked to leave when he advised the Council that he had an attorney.  Plaintiff thus contends that he never received a post-termination hearing.

A full post-termination hearing is understood to include the right to representation by an attorney and the right to cross-examine adverse witnesses. Workman v. Jordan, 32 F.3d 475, 480 (10th Cir.1994). The City of Texico's grievance procedures satisfy these requirements of due process, and the parties do not claim otherwise. Hennigh v. City of Shawnee et al., 155 F.3d

---

[5] Under the personnel policy, actions of dismissal "require consultation with the Personnel Board and the City Attorney before implementation."  Defts' Ex. 1, § 702(C).

1249, 1255  (10th Cir. 1998)he (grievance procedure in collective bargaining agreement (CBA) provided plaintiff with an adequate post-deprivation remedy for defendants' violation of CBA provision regarding the imposition of discipline) (citation omitted).

Defendants do not dispute that Plaintiff is entitled to rights under the personnel policy's grievance procedure.  Rather, they contend that Plaintiff waived his right to a post-disciplinary hearing, and they have submitted evidence that supports these contentions sufficiently to create questions of material facts on the issue. Defendants argue that Plaintiff's letter of April 25th did not constitute notice of intent to pursue a post-disciplinary hearing under § 803 of the personnel policy, since it was sent prior to the date the termination became effective, i.e., prior to the approval of the Personnel Board. Defendants present evidence that the City Council meeting was specially called on May 1, 2002 as an opportunity Plaintiff to address the Council. When City Attorney Marion Rutter discovered that Plaintiff was represented in the matter, he told Plaintiff that he could not talk with Plaintiff without Plaintiff's attorney present, and Plaintiff left the meeting. However, Defendants do not dispute Plaintiff's statement that Plaintiff was first notified of his placement on the Council's May 1st agenda the same day of the meeting. After that meeting, Rutter made provisions to obtain an attorney from Clovis, New Mexico as a hearing officer for the grievance initiated by Plaintiff.

According to the evidence presented by Defendants, at the regularly scheduled City Council meeting on May 14, 2002, Rutter requested council approval to hire the Clovis attorney as a hearing officer and was informed that Plaintiff had been hired by the Curry County Sheriff's office.  Shortly thereafter, Rutter left a voice message for Plaintiff through his attorney, saying that he understood Plaintiff had found employment and that Rutter would "consider the issue

moot" unless he heard otherwise. Defendants did not receive further inquiry by Plaintiff about pursuing a grievance hearing.

Plaintiff's counsel has no recollection of a voice message which stated that failure to return the call would result in Plaintiff waiving a right to a post-termination hearing. There is also some confusion over whether termination occurred at the April 22nd meeting with Brophy, or on May 8th which was the date cited in the official termination letter. This has some bearing on Plaintiff's insistence that he had complied with the grievance procedure requirements for requesting a post-termination hearing, as well as on Defendants' position that Plaintiff's notice of appeal of his termination qualified only as a request for a pre-termination hearing.[6]

Plaintiff has submitted evidence that his attorney spoke with Rutter by phone on May 10th, and sent letters dated May 7th and May 10th (Pltff's Exs. 8 & 9) which give the impression that both counsel were at cross-purposes because of different assertions of when termination actually took place. For example, parties stipulated in the Initial Pre-trial Report ("IPTR") that Defendant Brophy sent Plaintiff a letter of termination dated April 23, 2002 "stating a date of termination of April 22, 2002." IPTR at 3, ¶ 15. Defendant Brophy's May 2nd letter to Plaintiff following the City Council's approval of the termination stated a termination date of May 8, 2002 ("[t]his matter serves as written notification of intent to dismiss you as an employee of the City of Texico effective Wednesday, May 8, 2002 and you shall continue on leave with pay until that date." Defts' Ex. 9. The last sentence in that letter is consistent with Defendants' contention that termination became final on May 8th and that Plaintiff's notice of appeal dated April 25th was a

---

[6] Section 803 of the employee's grievance procedure requires that "[w]ithin ten (10) days of receipt of the written decision, the grievant must notify the City Clerk of the employee's intent to pursue a post-disciplinary hearing . . . ." Pltff's Ex. 1.

request for a pre-termination hearing ("You have a right to a pre-disciplinary hearing if you so desire").  However, in the letter from Plaintiff's counsel to Rutter dated  May 7, 2002, counsel states that "the City of Texico notified PERA that Mr. Kube was terminated effective April 19, 2002. . . ."  Pltff's Ex. 8.  Parties stipulated that Defendant later notified PERA that the date of termination was April 22, 2002. Initial Pre-Trial Report at 4.

Despite this lack of clarity regarding the actual termination date, I find that Defendants have nevertheless presented evidence creating disputes of material fact on Plaintiff's claim that his due process rights to a post-termination hearing were violated.  I also note that the question of whether Plaintiff's April 25th letter constituted a notice of appeal under the grievance procedures may be relevant, but not necessarily a critical issue. In making provisions for a hearing officer, Defendants appear to have acted upon Plaintiff's letter as a letter of intent to request a post-termination hearing.  At the same time, however, evidence that Plaintiff never responded to the Rutter's May 14th phone call to his attorney or made further inquiries regarding his post-termination hearing could create the inference that he abandoned or waived an intention to go ahead with the process. Cmp. Pitts v. Bd. of Educ of U.S.D. 305, Salina, Kansas, 869 F.2d 555, at 557 (10th Cir. 1989) (failure of plaintiff to permit defendant to provide any due process by resigning eliminates the claim).

For the above reasons, I conclude that Plaintiff is not entitled to summary judgment as a matter of law on Count I because Defendants have presented evidence demonstrating that there are issues of material fact regarding Plaintiff's claim that Defendants violated Plaintiff's rights to procedural due process.

**THEREFORE**, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment

as to Count I (Violations of Procedural Due Process) **(Doc. 34)** is hereby DENIED.

                                        UNITED STATES DISTRICT JUDGE