# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID KUBE,

    Plaintiff,

v.    Civil No. 02-0710 WPJ/RLP

CITY OF TEXICO, a New Mexico Municipality;
KELLEY BROPHY, individually and as Chief of Police;
JERRY CUNNINGHAM, individually and as Mayor;
ORAN JAY AUTREY, individually, and as Personnel Director, and Council Member;
MONNIE CUNNINGHAM, individually and as Council Member;
SHARON ASKEW, individually and as Council Member; and
DOUG SCIOLI, individually and as Council Member,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment, filed February 14, 2003 (**Doc. 41**). Having considered the parties submissions and the applicable law, I find Defendants' motion to be well-taken in part and not well-taken in part, for the reasons set forth below.

### Background[1]

Plaintiff David Kube ("Kube") was formerly employed as a police officer for the City of Texico. Plaintiff was terminated for conduct unbecoming an employee of the City of Texico. He

---

[1] In addition to responding to Defendants' statement of undisputed facts in his brief, Plaintiff incorporates additional facts from his motion for summary judgment to support his claims. Resp. at 5.

is suing Defendants for breach of contract and violation of federal due process under 42 U.S.C. § 1983. Kube's termination occurred as a result of a conversation Plaintiff had with his supervisor Chief of Police Brophy ("Brophy"), one of the Defendants in this action. During a telephone conversation on April 19, 2002, Brophy informed Kube that he would not get paid for maintaining his EMS (emergency medical certification). Plaintiff responded to the news by becoming upset and using profanity.[2] At a meeting held on April 22, 2002 in Brophy's office, Brophy told Plaintiff that he would be terminated for conduct unbecoming an employee pursuant to the City of Texico Personnel Policy and Procedures ("personnel policy"). Plaintiff received a letter of termination dated April 23, 2002 stating a date of termination of April 22, 2002. On April 25, 2002, Plaintiff submitted a written notice of appeal of his termination to the Clerk of the City of Texico.

Defendants seek summary judgment on Counts I, II and III of the complaint, i.e., (Violations of Procedural Due Process, Violations of Substantive Due Process, and Breach of Contract, respectively). For Counts I and II, Defendants base their motion for summary judgment on qualified immunity.[3] Summary judgment is properly granted by a district court when there is no genuine issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party carries this burden, the

---

[2] According to Plaintiff's statements at his deposition, Plaintiff told Brophy that he was a "two-faced, lying, back-stabbing son of a bitch." Defts' Ex. H, 25-26; Reply at 2.

[3] On May 27, 2003, the Court entered a memorandum opinion and order denying Plaintiff's motion for summary judgment on Count I. (Doc. 49).

nonmoving party must go beyond the pleadings to "set forth specific facts showing that there is a genuine issue for trial" sufficient to support a verdict for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In applying this standard, we review the factual record in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).

**Discussion**

**I.    Section 1983 claims - Due Process**

As an initial matter, and as noted by Defendants, Plaintiffs' claims against the individual Defendants in their official capacity should be dismissed. The Eleventh Amendment's jurisdictional bar applies not only to actions against states but also to actions seeking damages against state employees acting in their official capacities. Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982); Bishop v. John Doe 1, 902 F.2d 809, 810 (10th Cir.), cert denied, 498 U.S. 873 (1990). An action filed against a state official in his official capacity is simply another way of pleading an action against an entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the complaint seeks only monetary damages against Defendants, Plaintiff's claims against the individual Defendants in their official capacities will be dismissed.

On Plaintiff's due process claims brought under § 1983, Defendants seek summary judgment based on qualified immunity. In analyzing qualified immunity claims, we first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions. Clanton v. Cooper, 129 F.3d 1147 (10th Cir.1997) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). Once a public official raises a

qualified immunity defense, the plaintiff bears the burden of coming forward with sufficient facts to show that the defendant's conduct violated the law; and demonstrating that the relevant law was clearly established when the alleged violation occurred. Clanton (citations omitted).

A.   Procedural Due Process Claims

Plaintiff claims that Defendants denied him due process by failing to provide him with a post-termination hearing. Although Plaintiff initially contended that Defendants denied him a pre-termination hearing, he now concedes that the meeting of April 22, 2002 meets the minimal due process requirements for a pre-termination hearing. Resp. at 4, see Reply at 5. Thus, the only issue under Plaintiff's procedural due process claim is in the context of a post-termination hearing. Defendants argue that Plaintiff had no right to continued employment and therefore was not entitled to such a hearing. Alternatively, Defendants argue that Plaintiff received all the process he was due.[4]

To establish a property interest in a particular benefit, one must have a "legitimate claim of entitlement" to it. Casias v. City of Raton, 738 F.2d 392, 394 (10th Cir. 1984). However, the sufficiency of the claim of entitlement must be decided by reference to state law. Bishop v. Wood, 426 U.S. 341, 344 (1976). A property right in continued employment may be created by an implied contract, Bishop v. Wood, 426 U.S. at 344, if there are "rules or mutually explicit understandings" that support plaintiff's claim of entitlement to the benefit that can be invoked at a hearing. Perry v. Sindermann, 408 U.S. 593, 601 (1972).

---

[4] In their response to Plaintiff's motion for summary judgment on Count I (violations of procedural due process) (Doc. 34), Defendants did not argue that Plaintiff was not entitled to avail himself of the grievance procedures which provided for pre-termination and post-termination hearings. Resp. (Doc. 36) at 5.

At the time of his termination, Plaintiff was no longer a probationary employee, making him a permanent employee serving "at the will of the Mayor and the City Council." Defts' Ex. A, § 202. However, while Plaintiff's at-will status disposes of the question of whether he is entitled to continued employment, it does not answer the question of whether certain provisions in the personnel policy created an entitlement to due process. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 536 (10th Cir.1995) ("Protected property interests arise, not from the Constitution, but from state statutes, regulations, city ordinances, and express or implied contracts."). Protected property interests may be created by "rules or mutually explicit understandings" that support Plaintiff's claim of entitlement to a post-termination hearing. Perry v. Sindermann, 408 U.S. 593, 601 (1972); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991) (although procedures do not create constitutional property interests in continued employment, procedural protections can sustain an entitlement to the procedures themselves.)    Under the personnel policy, dismissal for "just cause" was limited to classified employees. Defts' Ex. A, § 702. The grievance procedure set out as Article VII in the personnel policy includes pre-disciplinary and post-disciplinary hearings. However, dismissal of unclassified employees was not grievable. Ex. A, § 703(B). Thus, whether Kube's at-will employment was altered by the personnel policy -- limiting Plaintiff's dismissal to "just cause" and entitling Plaintiff to a post-termination hearing -- hangs on whether Plaintiff was a "classified" employee under the City of Texico's personnel policy.[5] See

---

[5] Defendants argue that the Peace Officer's Employer-Employee Relations Act, NMSA 1978 § 29-14-1 to 29-14-11, does not create a property interest. Plaintiff mentions the Act in the allegation of facts set forth in the Complaint, ¶¶ 8, 9, but in his response to Defendants' summary judgment motion, does not argue that it creates a property interest. The stated purpose of the Act is to "prescribe certain rights for peace officers, particularly when they are placed under investigation by their employer." § 29-4-2. The provisions outline the manner investigations and interrogations of officers should proceed (e.g., number of hours, number of interrogation

West v. Grand County, 967 F.2d 362, 366 (10th Cir.1992) (county personnel policy manual stating that employees could not be fired "except for cause or reasons of curtailment of work or lack of funds" conferred a property interest in continued employment that could not be curtailed without constitutional protections), cited in Hatfield v. Bd of County Commissioners for Converse County et al., 52 F.3d 858, 863 (10th Cir. 1995).  If Kube is not a classified employee, then he has no right to a post-termination hearing and Defendants would be entitled to summary judgment on Plaintiff's procedural due process claim in Count I.  If, on the other hand, Kube is a classified employee, then the inquiry would proceed to a determination whether he was afforded the process he was due under the personnel policy.

     The problem here is that parties have not addressed this pivotal issue head-on.  Defendants argue that Plaintiff does not have a property interest and describe Plaintiff as a "permanent full-time employee." Mem. Brf. at 8.  They also infer that Plaintiff is not classified,[6] yet no where in their statement of facts do they actually state that Plaintiff is *not* a classified employee.  The closest statement of fact which concerns Kube's employee status is Number 24 which states that Plaintiff was no longer a probationary employee at the time of his termination, which is not disputed by Plaintiff.  Plaintiff claims that he is a "classified" employee by virtue of the City's classification system of job titles and job descriptions.  Pltff's Ex. 2, § 404, § 308.  I am not

---

sessions), and are not relevant to federal due process issues.  Nor is the statute relevant to a case, such as the present case, where no investigation was conducted.

   [6] See Mem. Brf. at 9: "The [personnel policy] states that "classified employees shall not be disciplined except for just cause. . . Thus no property interest for Plaintiff, or any other full-time permanent employees not 'classified,' is created by the specific terms of the [personnel policy]."

convinced that the City's system of categorizing jobs resolves the question of whether Kube is a "classified" employee as intended under the personnel policy. Defendants' Reply neither rebuts nor disputes Plaintiff's contention that Kube is a "classified" employee, but avoids the issue altogether, leaving a question of material fact in its wake. Because there is a dispute of fact as to whether Plaintiff has alleged a constitutional violation based on whether Kube is a "classified" employee, Defendants are not entitled to summary judgment on Plaintiff's procedural due process claims.[7]

B.  Substantive Due Process Claims

Plaintiff also asserts that his termination was arbitrary and capricious because dismissal based on "conduct unbecoming an employee" is vague and allows enforcement that is subject to unfettered discretion. Plaintiff is correct about the standard used for substantive due process violations - "arbitrary and capricious" -- but incorrectly assumes that he has a property interest in employment which is afforded that type of protection under the Constitution.

Neither the Supreme Court nor the Tenth Circuit has recognized a substantive due process right in public employment. Even if such a substantive due process right exists, which it does not, it was not a right clearly established at the time Plaintiff was terminated. In determining whether the law involved was clearly established, we examine the law as it existed at the time of the

---

[7] It is unnecessary for the Court to continue with the qualified immunity analysis prior to Plaintiff's showing of a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); County of Sacramento et al. v. Lewis et al., 118 S.Ct. 1708, 1714 (1998) (court should determine first whether the plaintiff has alleged a deprivation of a constitutional right at all, and only then should ask whether the right allegedly implicated was clearly established at the time of the events in question) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

Defendants' actions. Hilliard v. City and County of Denver, 930 F.2d 1516, 1518 (10th Cir.), cert. denied, 502 U.S. 1013, 112 S.Ct. 656, 116 L.Ed.2d 748 (1991).  The plaintiff "need not show that the specific action at issue has previously been held unlawful," but only that "the alleged unlawfulness was apparent in light of preexisting law." Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or "the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir.1992); Seamons et al v. Snow et al., 84 F.3d 1226, 1238 (10th Cir. 1996).

The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.  Gehl Group v. Koby, 63 F.3d 1528, 1538-39 (10th Cir. 1995) (citing Albright v. Oliver, 510 U.S. 266 (1993)). Hennigh v. City of Shawnee, 155 F.3d 1249, 1257 (10th Cir. 1998) (circuit precedent does not clearly delineate what specific property interests in employment are fundamental, and thus protected by the doctrine of substantive due process); see also Harrah Indep Sch. Distr. v. Martin, 440 U.S. 194 (1979) (question of whether tenured employee's property interest in continued employment is subject to substantive due process protections is unsettled); Curtis v. Oklahoma City Pub.  Schools Bd. of Educ., 147 F.3d 1200, 1215 & n.17 (10th Cir.1998) (noting that "it is unclear whether the interest is also protected by substantive due process" since "[n]either the Supreme Court nor this court has determined whether a state-law contract right is a property right entitled to the protection of substantive due process"). At best, some Tenth Circuit cases have

assumed a property interest where the issue was not dispositive[8] or where the parties did not contest the issue,[9] or have held that a substantive due process right existed where the facts differed significantly from those in this case.[10]

Other circuits are divided on the issue. See e.g. Newmand v. Com. of Mass., 884 F. 2d 19, 25 (1st Cir. 1989) (public employment protected); Gargiul v. Tompkins, 704 F. 2d 661, 668 (2nd Cir. 1983); but see Huang v. Bd of Governors of Univ. of N. C., 902 F. 2d 1134, 1142, n. 10 (4th Cir. 1990) (public employment not protected); Valot v. Southeast Local School Dist. Bd. of Educ., 107 F. 3d 1220, 1244 (6th Cir. 1997); Brown v. Brienen, 722 F. 2d 360 (7th Cir. 1983); Singleton v, Cecil, 176 F. 3d 419, 428 (8th Cir. 1999); McKinney v. Pate, 20 F. 3d 1550 (11th Cir. 1994).

For the above reasons, I find that Plaintiff has failed to assert a violation of a constitutional right. Further, I find that the law on whether Plaintiff has a substantive due process right to public employment was not clearly established at the time Plaintiff was terminated. Accordingly,

---

[8] See Curtis v. Oklahoma City Public Schools Bd., 147 F. 3d at 1215, n. 7 (finding that because plaintiff failed to establish a genuine issue of material fact whether defendant acted arbitrarily and capriciously in voting to terminate his employment, court did not need to determine whether plaintiff had a property interest entitled to substantive due process protection). In Archuleta v. Colorado Dept. of Institutions, 936 F2d 483, 489, n. 6 (10th Cir. 1991), the Tenth Circuit assumed, without holding, that the plaintiff's property interest is entitled to the protection of substantive due process.

[9] In Garcia v. City of Albuquerque, 232 F.3d 760, 771 (10th Cir. 2000), Defendant did not contest plaintiff's status as a tenured public employee and recognized that plaintiff had a substantive due process right.

[10] See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 528 (10th Cir. 1998) (holding that "because [plaintiff] was a tenured professor, the law in this Circuit is that he possessed 'a property interest deserving of . . . substantive protections of the Fourteenth Amendment.'").

Defendants are entitled to summary judgment on Plaintiff's substantive due process claims.

## II.     Breach of contract claims

Plaintiff asserts that Defendants breached his implied contractual rights by failing to follow certain procedures in the policy manual. Apart from relying on a half-hearted qualified immunity defense,[11] Defendants offer little else in the way of legal argument or factual support for their summary judgment motion. For this reason, I decline to rule on Defendants' motion for summary judgment on Plaintiff's breach of contract claim.

## III.    Punitive Damages

Defendants also seek summary judgment on punitive damages, on the basis that Plaintiff cannot present sufficient evidence of malice, wantonness or oppressiveness to support an award of punitive damages. Summary judgment is denied on this issue at this time.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment **(Doc. 41)** is GRANTED IN PART and DENIED IN PART as follows:

(1)     on Plaintiff's claim of procedural due process violations regarding denial of a *pre-termination* hearing (Count I), Defendants' motion for summary judgment is GRANTED based on the parties' stipulated dismissal of that issue;

(2)     on Plaintiff's claim of procedural due process violations regarding denial of a *post-*

---

[11] Defendant relies on Cockrell v. Bd. of Regents of New Mexico University, 127 N.M. 478 (Ct.App. 1999) as standing for the proposition that "contractual ambiguity paves the way for qualified immunity." In that case, qualified immunity was extended to defendants only on plaintiff's due process claims. Those claims happened to be based on an contract which the court found to be unclear with regard to whether plaintiff had a right to continued employment. I do not view that case as extending the defense of qualified immunity to Defendants on a state law contract claim.

*termination* hearing (Count I), Defendants' motion for summary judgment is DENIED based on the findings set forth above;

(3)     on Plaintiff's claim of substantive due process (Count II), Defendants' motion for summary judgment is GRANTED based on the findings set forth above;

(4)     on Plaintiff's breach of contract claim (Count III), Defendants' motion for summary judgment is DENIED at this time, based on the findings set forth above;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on Plaintiff's claims of due process (Counts I and II) against the individual Defendants in their official capacities is GRANTED in that those claims are DISMISSED WITH PREJUDICE;

**IT IS FINALLY ORDERED** that Defendants' motion for summary judgment on the issue of punitive damages is DENIED at this time.

_____
UNITED STATES DISTRICT JUDGE